# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MOHAMAD RIDA-AHMAD
HASSOUN, and GHONWNA
HASSOUN

Case No. 2:22-cv-11377

Hon. Denise Page Hood

     Plaintiffs,

v.

CITY OF GROSSE POINTE FARMS,
OFFICER THOMAS DIONNE,
OFFICER EDWARD WIERSZESWKIE,
and OFFICER FRANK ZIELINSKI,

     Defendants.

---

| | |
|---|---|
| Cyril C. Hall (P29121) | Lauri B. Stewart (P55014) |
| Amir I. Makled (P76306) | Kevin A. McQuillan (P79083) |
| Hussein S. Bazzi (P85891) | KERR RUSSELL AND WEBER, PLC |
| HALL & MAKLED, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 500 Woodward Avenue, Suite 2500 |
| 23756 Michigan Ave #100 | Detroit, MI  48226-3427 |
| Dearborn, MI 48124 | (313) 961-0200; FAX (313) 961-0388 |
| (313) 788-8888 | lstewart@kerr-russell.com |
| amakled@hallmakled.com | kmcquillan@kerr-russell.com |
| cyrilhalllaw@sbcglobal.net | |
| hussein@hallmakled.com | |

---

## DEFENDANTS' MOTION TO SHOW CAUSE WHY MATRIX SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA AND FOR ADVERSE INFERENCE AGAINST PLAINTIFFS

NOW COME Defendants, CITY OF GROSSE POINTE FARMS, OFFICER

THOMAS DIONNE, OFFICER EDWARD WIERSZESWKIE, and OFFICER

FRANK ZIELINSKI, by and through its counsel, Kerr, Russell and Weber, PLC, and for their Motion to Show Cause Why Matrix Should Not Be Held in Contempt for Failure to Comply with Subpoena and For Adverse Inference Against Plaintiffs, hereby states as follows:

1.      In this civil action, Plaintiffs claim Mr. Hassoun's civil rights were violated when police officers allegedly used excessive force on him during a traffic stop.

2.      Plaintiffs seek damages as part of this lawsuit for, among other things, emotional distress and mental injury. See (**First Amended Complaint, ECF#6, PageID.55**).

3.      During discovery, Defendants sought copies of Plaintiff Mr. Hassoun's medical and mental health care records to assess Plaintiffs' claim of damages and to develop causation defenses.

4.      However, Plaintiffs refused to fully comply with discovery. For instance, Plaintiffs' initial disclosures and witness list fail to disclose all of the relevant medical and mental health providers. See, e.g., (**Plaintiff's Witness List, ECF#14, PageID.126**). It was not until December 12, 2022, during the deposition of Plaintiff Ghonwa Hassoun, that Plaintiff revealed that Mr. Hassoun was "seeing a neurologist" named "Dr. Wooten." See (**Exhibit C, Ghonwa Dep Tr, p. 16-17**).

5.     When   Defendants   sought   records   from   Dr.   Wooten/Matrix Psychological Counseling, they refused to produce records despite acknowledgment from Plaintiffs and them that at least one appointment occurred. On September 16, 2023, Matrix Psychological Counseling advised, "They have not finished the report. They want a letter of engagement from the attorney. *They have done testing,* but they cannot do a report until they get a letter of engagement form the attorney." (**Exhibit A, 1/17/24 Minute Man Status Report**) (emphasis added). Matrix Psychological Counseling then advised on December 14, 2023 that it had no records for Mr. Hassoun, "Patient never completed the evaluation and we never received requested documentation from his attorney." See (**Exhibit B, Matrix NRS**).

6.     Matrix Psychological Counseling and/or Dr. Richard Wooten Ph.D. should show cause why they should not be held in contempt for failure to comply with Defendants' subpoena given the legal obligation of medical providers to make records of their patient assessments. An incomplete evaluation is no excuse for a failure to comply with a subpoena.

7.     Upon information or belief, Matrix Psychological Counseling and/or Dr. Richard Wooten Ph.D. and Plaintiffs are refusing to produce the records because the records tend to show that there is no support for the element of causation necessary to prove Plaintiffs' claims. It is also believed that these records tend to refute Plaintiffs' damages claim and undercut their credibility.

8.     Pursuant to Fed. R. Civ. P. 26, 34, and 37, there can be no serious dispute that Defendants are entitled to the requested discovery.

9.     Since these records are relevant and are being withheld, thus prejudicing Defendants' ability to mount a defense, the Court should give an adverse inference instruction to the jury.

10.     Moreover, the refusal to provide this discovery justifies an order awarding Defendants their attorney's fees and costs for having to bring this Motion and/or an order preventing Plaintiffs from seeking damages for alleged emotional harm in this action. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

11.     Counsel for Defendant repeatedly sought to resolve this matter without seeking the Court's intervention. On December 26, 2023, and January 9, 2024, counsel for Defendants sought concurrence from Plaintiffs' counsel. Concurrence was not provided prior to filing this motion.

WHEREFORE, Defendants respectfully ask this Honorable Court to GRANT this Motion; enter an order compelling Matrix/Dr. Wooten to produce the records in their possession responsive to Defendant's subpoena within seven (7) days of this order being entered and/or for Matrix/Dr. Wooten to show cause why the records were not produced; and enter an order for an adverse inference instruction to be read

to the jury at trial against Plaintiffs as a discovery sanction for refusing to comply with discovery.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: */s/Kevin A. McQuillan*
    Lauri B. Stewart (P55014)
    Kevin A. McQuillan (P79083)
Attorneys for Defendants
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
lstewart@kerr-russell.com
kmcquillan@kerr-russell.com

Date: January 29, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MOHAMAD RIDA-AHMAD
HASSOUN, and GHONWNA
HASSOUN                                          Case No. 2:22-cv-11377

     Plaintiffs,                              Hon. Denise Page Hood

v.

CITY OF GROSSE POINTE FARMS,
OFFICER THOMAS DIONNE,
OFFICER EDWARD WIERSZESWKIE,
and OFFICER FRANK ZIELINSKI,

     Defendants.

---

| | |
|---|---|
| Cyril C. Hall (P29121) | Lauri B. Stewart (P55014) |
| Amir I. Makled (P76306) | Kevin A. McQuillan (P79083) |
| Hussein S. Bazzi (P85891) | KERR RUSSELL AND WEBER, PLC |
| HALL & MAKLED, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 500 Woodward Avenue, Suite 2500 |
| 23756 Michigan Ave #100 | Detroit, MI  48226-3427 |
| Dearborn, MI 48124 | (313) 961-0200; FAX (313) 961-0388 |
| (313) 788-8888 | lstewart@kerr-russell.com |
| amakled@hallmakled.com | kmcquillan@kerr-russell.com |
| cyrilhalllaw@sbcglobal.net | |
| hussein@hallmakled.com | |

---

## BRIEF IN SUPPORT OF DEFENDANTS MOTION TO SHOW CAUSE WHY MATRIX SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA AND FOR ADVERSE INFERENCE AGAINST PLAINTIFFS

## <u>TABLE OF CONTENTS</u>

*Page*

INDEX OF AUTHORITIES .................................................................................. ii

STATEMENT OF ISSUES PRESENTED ............................................................ iii

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ......... iv

STATEMENT OF FACTS ...................................................................................1

LEGAL STANDARD ..........................................................................................3

LEGAL ARGUMENT .........................................................................................5

CONCLUSION ....................................................................................................9

# INDEX OF AUTHORITIES

*Page(s)*

## Cases

*Adkins v. Wolever*,
  554 F.3d 650 (6th Cir. 2009) ................................................................. 3

*Beaven v. U.S. Dep't of Justice*,
  622 F.3d 540 (6th Cir. 2010) ................................................................. 3

*Flagg v. City of Detroit*,
  715 F.3d 165 (6th Cir. 2013) ................................................................. 3

*IBEW v. Gary's Elec. Serv. Co.*,
  340 F.3d 373 (6th Cir. 2003) ......................................................... v, 4, 5

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
  427 U.S. 639 (1976) ....................................................................... iv, 8

*Rolex Watch U.S.A., Inc. v. Crowley*,
  74 F.3d 716 (6th Cir. 1996) ............................................................. v, 4

*U.S. v. Conces*,
  507 F.3d 1028 (6th Cir. 2007) ......................................................... v, 4

*Vodusek v. Bayliner Marine Corp.*,
  71 F.3d 148 (4th Cir. 1995) ................................................................. 3

## Rules

Fed. R. Civ. P. 26 .................................................................................. 8

Fed. R. Civ. P. 26(b)(1) ................................................................... iv, 5

Fed. R. Civ. P. 37(a)(3)(B) ................................................................ iv

Fed. R. Civ. P. 37(a)(4) ...................................................................... iv

Fed. R. Civ. P. 37(b)(2) ...................................................................... iv

Fed. R. Civ. P. 37(b)(2)(A) .................................................................. 3

Fed. R. Civ. P. 45 .................................................................................. 8

Fed. R. Civ. P. 45(a)(1)(A)(iii) .......................................................... iv

Fed. R. Civ. P. 45(e)(1)(A) .................................................................. 5

Fed. R. Civ. P. 45(g) ...................................................................... iv, 4

## **STATEMENT OF ISSUES PRESENTED**

1.     Should the Court issue an order requiring Matrix Psychological Counseling, Dr. Richard Wooten Ph.D., and/or Plaintiffs to show cause why they should not be held in contempt for failing to produce records in response to Defendants' subpoena?

> Defendants contend the answer is:     Yes.

> Plaintiffs contend the answer is:     No.

2.     Should the Court give an adverse inference instruction to the jury as a discovery sanction for the failure to timely produce records from Matrix Psychological Counseling/Dr. Richard Wooten Ph.D.?

> Defendants contend the answer is:     Yes.

> Plaintiffs contend the answer is:     No.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Fed. R. Civ. P. 26(b)(1). A party may seek an order compelling discovery where the opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete answer is the same as a failure to respond for purposes of this rule. Fed. R. Civ. P. 37(a)(4). Rule 37 provides for sanctions for the failure to comply with discovery, including recovery of the expenses and attorneys' fees incurred in bringing the motion. See Fed. R. Civ. P. 37(b)(2). The purpose of sanctions under Rule 37 is not merely to penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

Similarly, under Rule 45, a party may issue a subpoena to "command each person to whom it is directed to . . . produce designated documents[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii); *Id*. at (c)(2)(A) ("A subpoena may command production of documents . . ."). "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." *Id*. at (e)(1)(A). "The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

The Court's use of its contempt power "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co*., 340 F.3d 373, 378 (6th Cir. 2003). The moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007). If the moving party establishes a prima facie case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co*., 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To satisfy this burden, the contemnor "must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). The Court must consider whether the contemnor "took all reasonable steps within [its] power to comply with the court's order." *Gary's Elec. Serv. Co*., 340 F.3d at 379 (quotation omitted).

## STATEMENT OF FACTS

In this civil action, Plaintiffs claim Mr. Hassoun's civil rights were violated when police officers allegedly used excessive force during a traffic stop. Plaintiffs seek damages as part of the lawsuit for, among other things, emotional distress, and mental injury. See (**FAC, ECF#6, PageID.55**). This disputed claim has prompted considerable discovery.

During discovery, Defendants sought copies of Mr. Hassoun's medical and mental health care records to address causation and rebut Plaintiffs' claim of damages. However, Plaintiffs refused to fully comply with discovery. For example, Plaintiffs' initial disclosures and witness list fail to disclose all of the relevant treaters. See, e.g., (**Plaintiff's Witness List, ECF#14, PageID.126**). It was not until December 12, 2022, during the deposition of Plaintiff Ghonwa Hassoun, that Plaintiffs revealed that Mr. Hassoun was "seeing a neurologist" named "Dr. Wooten." See (**Exhibit C, Ghonwa Dep Tr, p. 16-17**). These untimely disclosures prompted further discovery.

As noted in Defendants' prior motion to compel, Defendants sought records from Matrix Psychological Counseling, where Dr. Wooten is believed to be employed. But Dr. Wooten/Matrix Psychological Counseling refused to produce records despite acknowledgment from Plaintiffs and them that at least one appointment occurred. On September 16, 2023, Matrix advised "They have not

finished the report. They want a letter of engagement from the attorney. *They have done testing,* but they cannot do a report until they get a letter of engagement form the attorney."  Since that representation on September 16, 2023, Defendants' record service has made numerous contacts with Matrix and opposing counsel regarding the status of records.  At one point, an alternative authorization for the release of records was requested, obtained, and provided. The new authorization and subpoena were delivered to the facility on November 20, 2023.  Four (4) contacts with Matrix were thereafter made regarding the status of records. On December 14, 2023, without further information or explanation, Matrix provided a "No Records Statement" indicating, despite earlier representations about an evaluation being performed (at least started), that the facility/physician had no records.  (See **Exhibit B)**.

These record deponents and/or Plaintiffs should show to cause why they should not be held in contempt for the failure to produce the existing records. Defendants are entitled to the records regardless of whether they are complete and regardless of whether Mr. Hassoun or his attorneys provided requested documents to Matrix. Defendants also ask for an adverse inference instruction to be read to the jury at trial as a discovery sanction against Plaintiffs: the records tend to undermine Plaintiff's claim for emotional/psychological damages otherwise the records would

have been produced as requested. Furthermore, Defendants are entitled to recover their attorney fees for bringing this motion necessitated by this obstructionism.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) permits a district court to sanction a party who disobeys a discovery order, and the district court has "broad discretion" to permit the jury to make an adverse inference. *See Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (en banc); *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010). An adverse inference is "an inference that 'the party fears [producing the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.'" *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (quoting 2 Wigmore on Evidence, § 285 at 192 (Chadbourn rev. 1979)).

> A party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven*, 622 F.3d at 553 (alterations and internal quotation marks omitted). "When the requirements for an adverse inference instruction are met, the district court should issue an instruction." *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013). "[T]he district court has discretion in determining the strength of the

inference to be applied. Whether an adverse inference is permissive or mandatory is determined on a case-by-case basis, corresponding in part to the sanctioned party's degree of fault. The court may also consider the facts and evidentiary posture of each case." *Id*. at 177-78 (citing *Adkins v. Wolever*, 692 F.3d 499, 652-53 (6th Cir. 2012)).

Additionally, Rule 45 permits the Court to impose sanctions for failing to comply with a subpoena. "The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court's use of its contempt power "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). The moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007). If the moving party establishes a prima facie case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To satisfy this burden, the contemnor "must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). The Court must consider whether the contemnor "took

all reasonable steps within [its] power to comply with the court's order." *Gary's Elec.*

*Serv. Co.*, 340 F.3d at 379 (quotation omitted).

## LEGAL ARGUMENT

In this civil rights lawsuit alleging the use of excessive force, Defendants are entitled to seek discovery regarding anything relevant including but not limited to causation, damages, and Plaintiffs' credibility. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."). Since Plaintiffs claim damages for emotional harm, and gave testimony that Mr. Hassoun sought treatment from Dr. Wooten[1], Defendants are entitled to discover Dr. Wooten's records regarding Mr. Hassoun through a properly served subpoena. Fed. R. Civ. P. 45(e)(1)(A) ("A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.").

Defendants seek an adverse inference against Plaintiffs for the failure to timely disclose Dr. Wooten and for preventing the release/production of Dr. Wooten's records. Moreover, Dr. Wooten and Matrix Psychological Counseling should be ordered to show cause why they failed to produce the records they possess

---

[1]   Dr. Wooten is employed by and/or associated with Matrix Psychological counseling.

responsive to Defendants' subpoena. Plaintiffs' refusal to timely disclose all treating providers and (upon information or belief) working with certain third parties (like Dr. Wooten/Matrix) to thwart Defendant's discovery efforts justifies an adverse inference as a discovery sanction. Despite this Court's Scheduling Order, Plaintiffs did not reveal that Mr. Hassoun was "seeing a neurologist" named "Dr. Wooten" until December 12, 2022, during the deposition of Plaintiff Ghonwa Hassoun. (**Exhibit C, Ghonwa Dep Tr, p. 16-17**). This disclosure came well after the Court's September 30, 2022 initial disclosure deadline. See (**Scheduling Order, ECF#11, PageID.115**). Moreover, Plaintiffs have not supplemented their initial disclosures. Since Plaintiffs violated the Court's Scheduling Order and Fed. R. Civ. P. 26 (regarding disclosure of Dr. Wooten), discovery sanctions are appropriate. The adverse inference sanction is most appropriate because Plaintiffs have thwarted discovery of Dr. Wooten's records out of fear that the documents will preclude their claim of damages, undercut their credibility, and destroy their theory of causation.

The facts show an adverse inference against Plaintiffs is appropriate. After Plaintiff Ghonwa Hassoun admitted at her deposition that her husband, Plaintiff Mr. Hassoun, was "seeing a neurologist" named "Dr. Wooten," Defendants sought records from Matrix Psychological Counseling, where Dr. Wooten is believed to be employed. On September 16, 2023, Matrix advised "They have not finished the report. They want a letter of engagement from the attorney. *They have done testing,*

but they cannot do a report until they get a letter of engagement form the attorney."
(**Exhibit A, Status Report**) (emphasis added). Matrix Psychological Counseling then advised on December 14, 2023 that it had no records for Mr. Hassoun, "Patient never completed the evaluation and we never received requested documentation from his attorney." See (**Exhibit B, Matrix NRS**). Taken together, these statements by Plaintiff Ghonwa Hassoun and Matrix show that an evaluation of Mr. Hassoun occurred. There is no reason to hide the results of this testing, nor the reasoning for Plaintiffs' failure to complete the evaluation, unless of course the documents tend to show there is no merit to Plaintiffs' claims.

In this action, Plaintiffs have every incentive to come forward with medical records detailing their alleged injuries. Mr. Hassoun allegedly suffered a shoulder fracture and claims multiple surgeries were necessary due to the police allegedly using excessive force. Plaintiffs have not hesitated to produce records and/or authorizations they feel support their allegations. But when it comes to other medical providers, like Dr. Wooten, Plaintiffs fail to disclose his involvement (until Mrs. Hassoun's deposition) and then take steps to thwart Defendants' discovery efforts. Neither Plaintiffs nor Matrix/Dr. Wooten should be permitted to hide the results of "testing" due to Plaintiffs' failure to "complete an evaluation" or provide "requested documentation." The failure to produce Dr. Wooten's records reeks of gamesmanship and more than justifies an adverse inference.

This Court should also order Matrix, Dr. Wooten, and/or Plaintiffs to show cause why they should not be held in contempt for the failure to timely produce the existing records – as noted above, Defendants are entitled to the records regardless of whether Mr. Hassoun or his attorneys provided requested documents to Matrix. There is clear and convincing evidence that Plaintiffs violated the Court's Scheduling Order and Fed. R. Civ. P. 26 regarding disclosure of Dr. Wooten. There is also clear and convincing evidence that Matrix/Dr. Wooten have responsive documents but are refusing to produce them in violation of the Court's subpoena and Fed. R. Civ. P. 45. Since they failed to take reasonable steps to comply with the Court's orders, Matrix/Dr. Wooten and Plaintiffs should be ordered to show cause why they should not be held in contempt.

Moreover, the refusal to provide this discovery justifies an order awarding Defendants their attorney's fees and costs for having to bring this Motion and/or an order preventing Plaintiffs from seeking damages for alleged emotional harm in this action. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976). Plaintiffs should have known when they brought this lawsuit seeking damages for emotional harm that discovery would involve all relevant medical and mental health records. Defendants should not have to bear the expense of this Motion when the Federal Rules and this Court's orders already place on Plaintiffs (and Dr. Wooten/Matrix) the obligation to produce the requested records. If Plaintiffs will not

comply with discovery regarding certain damages, then the Court should preclude them from seeking that category of damages and should award Defendants their attorney's fees and costs for bringing this motion.

**<u>CONCLUSION</u>**

WHEREFORE, Defendants respectfully ask this Honorable Court to GRANT this Motion; enter an order compelling Matrix/Dr. Wooten to produce the records in their possession responsive to Defendant's subpoena within seven (7) days of this order being entered and/or for Matrix/Dr. Wooten to show cause why the records were not produced; and enter an order for an adverse inference instruction to be read to the jury at trial against Plaintiffs as a discovery sanction for refusing to comply with discovery.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: *<u>/s/Kevin A. McQuillan</u>*
    Lauri B. Stewart (P55014)
    Kevin A. McQuillan (P79083)
  Attorneys for Defendants
  500 Woodward Avenue, Suite 2500
  Detroit, MI 48226
  (313) 961-0200
  lstewart@kerr-russell.com
Date: January 29, 2024    kmcquillan@kerr-russell.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2024 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record at their respective email addresses.

*/s/Kevin A. McQuillan*

Kevin A. McQuillan (P79083)
